CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 22, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTIAN THOMAS NEALSON,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00443 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **MR. MAYNARD, et al.,** ) | Chief United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Christian Thomas Nealson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C § 1983 against correctional officials at Keen Mountain Correctional Center. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I. Background

Nealson is currently incarcerated at Keen Mountain Correctional Center. His complaint stems from actions that allegedly occurred at that facility on April 24, 2023. He names seven correctional officials as defendants, six of whom are identified as K-9 handlers at Keen Mountain and the other is identified as the K-9 supervisor. Compl., ECF No. 1, at 1–2.

Nealson alleges that on April 24, 2023, at approximately 11:30 a.m., the identified K-9 handlers allowed their dogs to "lunge and bark at [inmates] on the boulevard to threaten and intimidate." Id. at 3. Although the dogs were "kept within five or so feet away" from inmates, Nealson alleges that he felt "threatened by being lunged at" and that the officers' handling of the dogs did not "help [his] anxiety or PTSD." Id. In his request for relief, Nealson indicates

that he is seeking monetary damages, in addition to an "injunction removing [K-9s] from the facility." Id. at 8.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019).

## III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws."

---

\* Unless otherwise noted, the court omits internal citations, alterations, and quotation marks throughout this opinion.

2

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court construes Nealson's complaint as attempting to assert a claim of deliberate indifference to inmate health or safety, in violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment protects inmates from cruel and unusual punishment and imposes an affirmative obligation on prison officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement claim has (1) objective and (2) subjective components." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019). To satisfy the objective component, an inmate must "demonstrate that the deprivation alleged [was] objectively, sufficiently serious." Id. "To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of harm resulting from . . . exposure to the challenged conditions." Id. To satisfy the subjective component, "a plaintiff challenging his conditions of confinement must demonstrate that prison officials acted with 'deliberate indifference.'" Id. at 361. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to [an inmate's] health or safety." Farmer, 511 U.S. at 837. "Put differently, the plaintiff must show that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and drew that inference." Heyer v. United States Bureau of Prisons, 849 F.3d 202, 211 (4th Cir. 2017). This

3

is an "exacting standard," which is not met by "mere negligence." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014).

Having considered Nealson's allegations, the court concludes that the conduct alleged in the complaint does not rise to the level of an Eighth Amendment violation. Nealson does not allege that the K-9 officers' dogs touched his body on April 24, 2023, much less that the dogs bit or scratched him. Instead, the complaint indicates that K-9 handlers allowed their leashed dogs to lunge in the direction of inmates walking on the boulevard at approximately 11:30 a.m. Nealson's allegations regarding this incident do not describe the type of extreme deprivation required to state a claim under the Eighth Amendment. See, e.g., Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005) ("As to Henslee's claim that a jail employee incited other inmates to attack him, Henslee does not contend that any inmates in fact attacked him. Mere threats . . . by prison officials, without more, do not state a cognizable claim under § 1983."); Garcia v. Semple, No. 3:18-cv-01226, 2019 WL 5597771, at *10 (D. Conn. Oct. 30, 2019) (holding that allegations against a prison canine handler failed to state a claim under the Eighth Amendment where the plaintiff suggested that the handler did not handle her canine in a controlled manner but did not allege that the handler allowed the canine to touch or harm him); Keystone v. McDuffy, No. 7:18-cv-00334, 2018 WL 6070349, at *3 (W.D. Va. Nov. 20, 2018) (noting that "it is a simple fact of prison life that inmates may be compulsorily accompanied by guard dogs" and that a generalized fear of harm resulting from the use of dogs within the prison is insufficient to sustain an Eighth Amendment claim) (citing Kimbrough v. Fort Dodge Corr. Facility, No. 13-3005, 2013 WL 4670277, at *4 (N.D. Iowa Aug. 30, 2013)); Morva v. Johnson, No. 7:09-cv-00515, 2011 WL 3420650, at *7 (W.D. Va.

4

Aug. 4, 2011) (collecting authority for the proposition that "idle threats to an inmate" do not give rise to a constitutional violation, even if they "cause[] an inmate fear or emotional anxiety").

Moreover, Nealson has not alleged facts sufficient to show that any of the defendants knowingly disregarded an excessive risk to his mental health. Although Nealson claims that the officers' handling of the dogs did not help his anxiety or PTSD, he does not allege that any of the defendants had knowledge of his mental health history or that they were otherwise aware that their actions posed a substantial risk of serious psychological or emotional harm. Accordingly, the complaint fails to state an Eighth Amendment claim of deliberate indifference against any of the defendants.

## IV. Conclusion

For the foregoing reasons, the court concludes that Nealson's complaint must be dismissed for failure to state a claim upon which relief may be granted. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days. An appropriate order will be entered.

Entered: April 19, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.19 16:43:31
-04'00'

Michael F. Urbanski
Chief United States District Judge

5